UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JONES,<br><br>            Plaintiff,<br><br>   v.<br><br>C/O PLANT,<br><br>            Defendant. | No. 1:19-cv-00207-HBK<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE[1]<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN A DISTRICT JUDGE |

      This matter comes before the court upon initial review of the file, which was reassigned to the undersigned on November 17, 2020. (Doc. No. 13). As more fully set forth below, the undersigned recommends the court dismiss this case without prejudice due to plaintiff's failure to prosecute this action and failure to update his address of record.

I.     FACTS AND BACKGROUND

      Plaintiff Eric Jones is a state prisoner proceeding *pro se* and *in forma pauperis* on his civil rights complaint filed under 42 U.S.C. § 1983. (Doc. Nos. 1, 7). On November 8, 2019, the court issued a screening order under 28 U.S.C. § 1915A and concluded the complaint plausibly stated a failure to protect claim but did not state an excessive force claim against the sole defendant. (Doc.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).

1

No. 11 at 2). The court ordered plaintiff within thirty (30) days to: (1) file an amended complaint; (2) to voluntarily dismiss the excessive force claim, or (3) notify the court he wishes to stand on his complaint subject to dismissal of claims consistent with the order. (*Id.* at 5-6). The court cautioned plaintiff that his failure to respond to the court's November 8, 2019 Order would result in dismissal of this action. (*Id.* at 6).

Well after the thirty (30) days period expired, the court issued an order to show cause why the court should not dismiss the case for plaintiff's failure to prosecute and to comply with the court's November 8, 2019 Order. (*See* May 11, 2020 Order, Doc. No. 12 at 1-2). On May 18, 2020, the court's show cause order was returned to the court as "Undeliverable. Refused. Unable to Forward." Again, on November 30, 2020, the court's order reassigning this case to the undersigned was returned as "Undeliverable. Inmate Refused." Plaintiff has not filed an updated address, to the extent he has been transferred or released as required by Local Rule 182(f). (*See* docket).

II. APPLICABLE LAW

This court's Local Rules require litigants to keep the court apprised of their current address, specifically providing:

> "[a] party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

E.D. Cal. Loc. R. 183(b) (2019). Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted) *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of court.

Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889 (noting court that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

III. ANALYSIS

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case. The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the court's need to efficiently manage its docket cannot be overstated. This court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays inevitably have the inherent risk

that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Finally a less drastic remedies in lieu of dismissal, such as, directing plaintiff to submit an updated address, or second order to show cause why the case should not be dismissed for failure to comply with Local Rules would be an act of futility because the order would be returned without delivery. Additionally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

Two separate orders from the court have been returned as undeliverable. And contrary to Local Rule 183(b), well more than 63 days have passed since mail was returned as undeliverable and plaintiff has not updated his mailing address or otherwise contacted the court. After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rules 110 and 183(b).

Accordingly, it is ORDERED:

The Clerk shall assign this case to a district judge.

It is further RECOMMENDED:

This case be dismissed without prejudice under Fed. R. Civ. P. 41(b), and Local Rules 110 and 183 (b).

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

///

///

///

IT IS SO ORDERED.

Dated: April 30, 2021

*/s/ Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE